2025 IL App (1st) 221248-U

Nos. 1-22-1248, 1-22-1249 cons.

Order filed January 10, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | Nos.   16 CR 2491 |
| v. | ) |          16 CR 12178 |
| | ) | |
| JASMINE RODRIGUEZ, | ) | Honorable |
| | ) | Thomas J. Hennelly, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mikva and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's second-stage dismissal of defendant's postconviction petition over defendant's contention that her postconviction counsel performed unreasonably by failing to amend her *pro se* petition or seek withdrawal.

¶ 2    In this consolidated appeal, defendant Jasmine Rodriguez appeals from the circuit court's second-stage dismissal of her petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). On appeal, she argues that her postconviction counsel provided

unreasonable assistance by failing to either amend her *pro se* petition or move to withdraw. For the following reasons, we affirm.

¶ 3    On November 29, 2017, following a conference pursuant to Illinois Supreme Court Rule 402(d) (eff. July 1, 2012), defendant pled guilty to threatening a public official (case number 16 CR 2491) and to aggravated battery of a peace officer (case number 16 CR 12178). The factual basis for the threatening a public official charge indicated that, in January 2016, defendant had called 911 and stated that she wanted several people murdered: a Cook County judge, two Boone County judges, and two Boone County attorneys. The Cook County judge had previously placed defendant on conditional discharge in another matter. The factual basis for the aggravated battery charge indicated that, in February 2016, defendant was an inmate at the Cook County jail and caused a "disturbance." Two correctional officers responded, and defendant spit on one of them. The incident was captured on video. The court sentenced defendant to concurrent terms of 36 months' probation. Conditions of her probation included six months' GPS monitoring with a prohibition on entering Cook County during that time and having no contact with the Cook County judge she had threatened.

¶ 4    On December 29, 2017, defendant, through counsel, filed a motion to withdraw her guilty pleas. Defendant alleged that she "changed her mind" and wanted a trial. She asserted she had been under duress when she pled guilty due to the length of her pretrial incarceration and an unreasonable bond amount. She further claimed that being forced to meet with her probation officer twice monthly and being prohibited from traveling to Cook County were unreasonable probation conditions.

¶ 5    At a hearing on January 11, 2018, defendant, who had previously been an attorney, indicated she wished to proceed *pro se* on the motion to withdraw her guilty pleas. The court informed defendant that if it granted her motion to withdraw her plea, she would be taken into pretrial custody. After extensive discussion with the court, defendant withdrew her motion with prejudice.

¶ 6    On October 20, 2020, defendant filed *pro se* a postconviction petition under the Act, challenging both her threatening a public official and aggravated battery convictions. As to her threatening a public official conviction, she stated that, in 2012, she had been convicted of resisting arrest following a bench trial. In 2013, she filed with the Judicial Inquiry Board (JIB) a complaint against the judge who presided over the trial, who she claimed had been "rude, loud and inappropriate." Defendant alleged that it was in retaliation for her complaint with the JIB that the judge later claimed to be afraid of her. Defendant claimed that the statement for which she was convicted, that she "wish[ed] or hope[d]" the judge and other officials "got killed," was a "snide comment" and not a "true threat." Defendant asserted that none of the other officials felt threatened by her statement.

¶ 7    Defendant claimed that plea counsel was ineffective for failing to acquire a copy of her complaint to the JIB or interview the other public officials referenced in her statement, and for insisting on an insanity defense, to which defendant did not agree. She also argued she had been denied her right to a jury trial, and if a jury had reviewed the complaint she filed with the JIB and heard testimony from the other public officials referenced in her statement, it would have acquitted her.

¶ 8     As to her aggravated battery conviction, defendant asserted she had not spit on a correctional officer. Rather, she had complained about being sexually harassed by another inmate, and the officer "slammed" her down. She had spit on the floor and the officer lied that the spit hit her. Defendant claimed that plea counsel was ineffective for failing to interview other correctional officers who witnessed the events and would corroborate her version, including an "Officer Gallagher."

¶ 9     Defendant attached to her petition a letter dated October 31, 2013, from the JIB indicating that it had received her complaint, and a January 3, 2014, letter indicating it had reviewed her allegations and was closing the matter. She claimed the JIB would not send her a copy of the complaint she filed. She also attached an affidavit from Aaron Buscemi, who averred that he had previously represented defendant as a public defender in Boone County and, sometime after his representation ended, received an email from Boone County law enforcement alerting him that defendant had "made a statement threatening [him]." He did not feel threatened and was not contacted by Cook County law enforcement, the prosecution, or plea counsel in relation to the instant charges against defendant. Defendant stated she would also acquire affidavits from two of the other public officials.

¶ 10    On November 25, 2020, defendant's probation relating to her threatening a public official conviction was terminated. Defendant indicated she did not want her probation terminated, to ensure the court heard her postconviction petition.

¶ 11    At a hearing on January 15, 2021, defendant requested the court vacate the order terminating her probation, as she wanted her petition heard substantively rather than "procedurally kicked out on a technical basis." The court declined to vacate the termination order as it was

beyond the 30-day deadline to vacate the order, but stated, "since you did file these back in the summer before the probation was terminated, I am going to docket both of these." The court appointed defendant counsel.

¶ 12    On May 21, 2021, postconviction counsel indicated he had a transcript of defendant's plea hearing and had contacted her plea counsel. He was awaiting receipt of plea counsel's files.

¶ 13    On January 7, 2022, postconviction counsel informed the court that he would like to file a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) "on both cases." The filed certificate lists only the case number for defendant's threatening a public official conviction (case number 16 CR 2491). The certificate indicates counsel consulted with defendant to ascertain her contentions of a deprivation of her constitutional rights, examined the record, and made no amendments to defendant's *pro se* petition as none were necessary to adequately present defendant's contentions.

¶ 14    On February 10, 2022, the State filed a motion to dismiss defendant's petition. The State argued that defendant's claims regarding the sufficiency of the evidence, ineffective assistance of counsel, and her right to a jury trial were forfeited by her guilty pleas and her withdrawal of her motion to withdraw her pleas. The State further argued that she failed to demonstrate that plea counsel performed deficiently or that she was prejudiced by counsel's performance. The State noted that whether the alleged error was prejudicial depended largely on the likelihood she would have succeeded at trial, and she failed to attach evidentiary support for her otherwise conclusory allegations. Defendant's counsel did not file a response to the State's motion to dismiss.

¶ 15    On August 12, 2022, the court heard argument on the State's motion. The State repeated the arguments from its motion and noted that its arguments applied to both cases. Postconviction

counsel stated he had consulted with defendant by Zoom, letter, and email to ascertain her contentions, examined "the record of the proceedings" and "the common law record," reviewed plea counsel's files, discussed the matter with plea counsel by phone, and researched case law regarding defendant's claims. Counsel noted he had not filed a supplemental or amended petition and rested on defendant's *pro se* petition. The court granted the State's motion to dismiss. Defendant appealed.

¶ 16    On appeal, defendant argues that postconviction counsel provided unreasonable assistance and violated his duties under Rule 651(c) by failing to amend her *pro se* petition or, if counsel concluded no amendment could overcome the State's motion to dismiss, move to withdraw.

¶ 17    The Act provides a three-stage process by which persons under a criminal sentence may assert that their convictions resulted from a substantial denial of their constitutional rights. *People v. Jean*, 2024 IL App (1st) 220807, ¶ 28 (citing 725 ILCS 5/122-1 (West 2020)). At the first stage, the circuit court must independently examine a *pro se* petition within 90 days of it being filed and determine if it is frivolous or patently without merit. *Id.* The petition advances to the second stage if the court fails to rule on it within 90 days or if the court determines it is not frivolous or patently without merit. *Id.*

¶ 18    At the second stage, the State may move to dismiss the petition, and the court must determine whether the petition and its accompanying documentation "make a substantial showing of a constitutional violation." *Id.* A substantial showing means the petition's allegations are legally sufficient, *i.e.*, "if proven at an evidentiary hearing, would entitle [the] petitioner to relief." (Internal quotation marks omitted.) *People v. Shaw*, 2023 IL App (1st) 221358, ¶ 32.

¶ 19     Defendants do not have a constitutional right to counsel in proceedings under the Act. *People v. Huff*, 2024 IL 128492, ¶ 21. However, as "a matter of legislative of grace," the Act provides for the appointment of counsel beginning at the second stage. (Internal quotation marks omitted.) *Id.* ¶¶ 19-21 (citing 725 ILCS 5/122-4 (West 2020)). Counsel in proceedings under the Act must provide "reasonable assistance," a "standard that is significantly lower than the one mandated at trial by our state and federal constitutions." (Internal quotation marks omitted.) *Id.* ¶ 21.

¶ 20     To ensure that counsel provides reasonable assistance, Rule 651(c) requires counsel to certify that he or she has (1) consulted with the defendant to ascertain the defendant's contentions of a deprivation of the defendant's constitutional rights, (2) examined the record of the proceedings, and (3) made any amendments to the *pro se* petition necessary to adequately present the defendant's contentions. *Id.* ¶ 22 (citing Ill. S. Ct. R. 651(c) (eff. July 1, 2017)). Rule 651(c) serves to ensure that counsel "shapes the [defendant's] claims into proper legal form and presents those claims to the court." *People v. Perkins*, 229 Ill. 2d 34, 43-44 (2007).

¶ 21     The duty to make necessary amendments includes those required to overcome procedural defects like forfeiture. See *People v. Addison*, 2023 IL 127119, ¶¶ 24-25 (counsel failed to comply with Rule 651(c) by advancing claims that could have been raised on direct appeal without asserting that appellate counsel was ineffective for failing to raise them). Counsel is further obligated to attempt to obtain evidentiary support for the defendant's claims, without which the court must dismiss the claims. *People v. Johnson*, 154 Ill. 2d 227, 245 (1993). However, "[i]f the defendant claims that evidence missing from his petition exists outside the record, postconviction counsel has no duty to find that evidence." *People v. James*, 2023 IL App (1st) 192232, ¶ 38.

¶ 22    Where postconviction counsel files a certificate averring that counsel complied with the duties of Rule 651(c), counsel is entitled to a rebuttable presumption that he provided reasonable assistance. *Jean*, 2024 IL App (1st) 220807, ¶ 30. The defendant may overcome the presumption by showing that counsel failed to "substantially comply with the strictures of the rule." (Internal quotation marks omitted.) *Id.* We review *de novo* a second stage dismissal of a postconviction petition and counsel's compliance with Rule 651(c). *Id.*

¶ 23    Here, postconviction counsel filed a Rule 651(c) certificate stating he had communicated with defendant to ascertain her contentions, examined the record, and had not amended her *pro se* petition as the *pro se* petition adequately set out defendant's contentions of the deprivation of her constitutional rights.[1] Defendant does not contest that the certificate entitles postconviction counsel to a presumption that he provided reasonable assistance. Rather, she argues that the presumption is rebutted where the record shows counsel failed to comply with the third requirement of Rule 651(c), that he make any amendments to her *pro se* petition necessary to adequately present her claims.

¶ 24    Specifically, defendant argues that postconviction counsel performed unreasonably by failing to obtain the complaint she submitted to the JIB and interview and obtain affidavits from the other officials she threatened and the other correctional officers who witnessed the events underlying her aggravated battery conviction. She contends that, given her postconviction claim that her plea counsel was ineffective for failing to obtain the complaint or interview those witnesses, postconviction counsel needed to obtain the JIB complaint and affidavits from the

---

[1] We note that postconviction counsel's Rule 651(c) certificate listed only the case number relating to the threatening a public official conviction (number 16 CR 2491). Defendant does not assert on appeal that the certificate did not apply to both underlying cases (threatening a public official and aggravated battery).

witnesses as supporting evidence to prevent her claims from being conclusory and unsupported, as the State claimed in its motion to dismiss.

¶ 25     We find that defendant has not rebutted the presumption that counsel substantially complied with Rule 651(c). "[N]ot every petition can be amended to set forth a substantial constitutional claim." *People v. Turner*, 2023 IL App (1st) 191503, ¶ 37. Counsel is not required to make any amendments that would further a "frivolous or meritless claim." *Id.* Where counsel has not amended a petition, we must presume "that there were none to be made." *Huff*, 2024 IL 128492, ¶ 24. Similarly, where counsel has not provided supporting evidence and there is no "affirmative evidence in the record to establish that postconviction counsel did not seek out and examine all available evidence relevant to [a] claim," we must presume that counsel attempted to obtain the supporting evidence but was unsuccessful. *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 27.

¶ 26     Here, in addition to filing a Rule 651(c) certificate, counsel stated at the hearing on the State's motion to dismiss defendant's petition that he had communicated with defendant regarding her contentions, reviewed the record, reviewed plea counsel's files, discussed the matter with plea counsel by phone, and researched defendant's claims. Although the record does not affirmatively indicate that postconviction counsel attempted to obtain defendant's complaint to the JIB or contact the witnesses defendant referenced, "[t]here is nothing in Rule 651(c) that suggests the certificate is intended to be a comprehensive recounting of all of postconviction counsel's efforts." *People v. Jones*, 2011 IL App (1st) 092529, ¶ 24.

¶ 27     Rather, counsel's Rule 651(c) certificate entitled him to the presumption that he made all reasonable efforts to obtain defendant's JIB complaint and interview the other witnesses, and either

the evidence did not support her claims or it was impossible for him to obtain it. See *Wallace*, 2016 IL App (1st) 142758, ¶ 27 (rejecting the contention that counsel did not examine certain records where counsel's certificate did not specify that counsel did so because that amounted to a "reversal of the presumption and corresponding burden"); see also *People v. Bass*, 2018 IL App (1st) 152650, ¶ 14 (rejecting presumption that counsel's failure to amend facially deficient petition resulted from deficiency in counsel's performance "rather than an inability to substantiate [the defendant's] claims"). Moreover, postconviction counsel had no duty to discover evidence outside the record, if that evidence was even available to be discovered. See *James*, 2023 IL App (1st) 192232, ¶ 38 (postconviction counsel had no obligation to amend the defendant's postconviction petition with photographs outside the record).

¶ 28 In this case, defendant has not demonstrated that counsel's decision not to amend the *pro se* petition rebuts the presumption of reasonable assistance created by the filing of counsel's Rule 651(c) certificate. We therefore decline to reverse the court's dismissal of defendant's postconviction petition based on her contention that postconviction counsel provided unreasonable assistance under Rule 651(c).

¶ 29 Defendant next argues that, if counsel determined that the petition lacked merit and no amendment could be made to defendant's petition that would overcome the State's motion to dismiss, counsel was required to file a motion to withdraw explaining the basis for that conclusion. Defendant contends that, by failing to do so, counsel deprived her of the opportunity to defend the petition herself or retain private counsel. In her opening brief, defendant notes that the issue of whether postconviction counsel is required to withdraw if counsel believes that a petition cannot be amended to state a meritorious claim was pending before our supreme court in *People v. Huff*,

2022 IL App (1st) 201278-U, pet. for leave to appeal allowed, No. 128492 (Sep. 28, 2022). During the pendency of this appeal, as both parties note, our supreme court issued its decision in *Huff,* 2024 IL 128492. However, the parties dispute whether *Huff* is dispositive.

¶ 30    In *Huff*, the defendant was convicted of murder and, on direct appeal, challenged his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Huff*, 2024 IL 128492, ¶¶ 3, 6. We affirmed. *Id.* ¶ 6. Defendant raised an *Apprendi* challenge again in a petition for relief from judgment, which was found to be untimely and barred by *res judicata*. *Id.* ¶ 7.

¶ 31    The defendant then filed a *pro se* postconviction petition under the Act repeating the *Apprendi* claim and arguing it was not barred by *res judicata* as the law had changed, and that his petition was not untimely because his sentence was void, which meant that a challenge could be raised at any time. *Id.* ¶ 8. The circuit court automatically advanced the petition to the second stage without considering whether the petition was frivolous or without merit. *Id.* ¶ 9. Appointed counsel filed a Rule 651(c) certificate, did not amend the petition, and made no argument at the hearing on the State's motion to dismiss. *Id.* The circuit court dismissed the petition based on *res judicata*. *Id.* On appeal, the defendant argued that counsel performed unreasonably by not amending the petition or, if counsel believed the petition could not be cured by an amendment, moving to withdraw. *Id.* ¶ 10. We affirmed, finding that although counsel could have withdrawn, counsel was not required to withdraw, and counsel's standing on the *pro se* petition when no amendment was available did not rebut the presumption of reasonable assistance. *Id.*

¶ 32    On appeal to the supreme court, the defendant argued, as defendant argues here, that the *pro se* petition was frivolous and postconviction counsel was therefore obligated to amend the petition or seek withdrawal. *Id.* ¶ 14. The defendant contended that counsel's decision to rest on

the frivolous petition rebutted the presumption that counsel had provided reasonable assistance. *Id.*

¶ 33    The supreme court did not address the unsettled issue of whether postconviction counsel may permissibly stand on a *pro se* petition that counsel believes is frivolous or must move to withdraw. *Id.* ¶¶ 11, 16, 30. Rather, the court determined that postconviction counsel had no duty to withdraw where counsel was appointed without a first-stage ruling on the *pro se* petition, the *pro se* petition presents a weak claim that is nevertheless in its best possible legal form, and the record provides no indication that counsel actually "knew, or even believed, that [the defendant's] claim was frivolous or patently without merit." *Id.* ¶ 30. The court distinguished situations where postconviction counsel rests on a petition from those where counsel confesses to the court that the petition lacks merit. *Id.* ¶ 31. The court noted that the defendant failed to identify any amendments that were necessary to present his claim and there was no suggestion in the record that counsel knew or believed that the petition was frivolous, "rather than merely weak." *Id.* ¶ 34. The court therefore concluded that the defendant did not rebut the presumption that counsel provided reasonable assistance, and counsel was not obligated to withdraw. *Id.*

¶ 34    Here, as in *Huff*, defendant's petition was advanced to the second stage without a ruling as to whether it was frivolous or patently without merit. Further, as noted, postconviction counsel filed a Rule 651(c) certificate and defendant acknowledges counsel is entitled to a presumption of reasonable assistance. Also, as in *Huff*, defendant points to nothing in the record indicating that counsel knew defendant's claims to be frivolous or patently without merit. Counsel did not concede to the State's motion to dismiss or confess that defendant's petition was meritless. Rather, at the hearing on the State's motion to dismiss, counsel elaborated on his efforts by reciting that

he communicated with defendant and her plea attorney, reviewed that attorney's files and the record, and conducted research of the contentions advanced in the petition. Defendant therefore has not shown that counsel was obligated to seek withdrawal. See *id.* ¶¶ 30, 34. Accordingly, we agree with the State that *Huff* controls, and find that postconviction counsel did not provide unreasonable assistance by choosing to stand on the *pro se* petition.

¶ 35    Defendant attempts to distinguish *Huff*. She notes that, there, the defendant argued in his *pro se* petition that the law underlying his *Apprendi* claim had changed and his claim was therefore not procedurally barred by *res judicata*. *Id.* ¶ 8. She contends that assertion by the defendant provided a basis for postconviction counsel to believe the defendant's claim was weak but not frivolous. See *id.* ¶¶ 8, 30. Defendant asserts that, in contrast, a minimum inquiry into the legal merit of her claims by postconviction counsel would have shown that the claims lacked merit, and that the record provides no basis to conclude that postconviction counsel thought her claims were weak but not frivolous.

¶ 36    However, the controlling question under *Huff* is whether the record shows that counsel knew the claims were frivolous or patently without merit. See *id.* ¶¶ 29-30. Further, counsel's Rule 651(c) certificate created a presumption of reasonable assistance that it is defendant's burden to overcome. *Jean*, 2024 IL App (1st) 220807, ¶ 30. "In *Huff*, our supreme court made clear that where postconviction counsel files a Rule 651(c) certificate creating a presumption of reasonable assistance, the burden falls on the petitioner to show that the record indicates that counsel knew

that the petition was frivolous, and not vice versa." *People v. Bradley*, 2024 IL App (1st) 230809-U, ¶ 33.[2] Defendant has not made that showing here.

¶ 37     In sum, as in *Huff*, defendant's petition advanced to the second stage without the court's review on the merits of the petition. Postconviction counsel filed a Rule 651(c) certificate, creating a presumption that no required amendments were available. *Huff*, 2024 IL 128492, ¶¶ 24, 34. Defendant has not rebutted that presumption by showing that counsel performed unreasonably by failing to attach her complaint to the JIB or affidavits from witnesses. Further, there is no affirmative indication in the record that postconviction counsel knew the *pro se* claims were frivolous or patently without merit. Absent that showing, we cannot agree that postconviction counsel was required to withdraw. *Id.* ¶¶ 29-30, 34. Accordingly, we find that defendant has not rebutted the presumption that postconviction counsel provided reasonable assistance, and affirm the court's judgment dismissing defendant's postconviction petition.

¶ 38     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 39     Affirmed.

---

[2] Unpublished orders issued under Rule 23(b) on or after January 1, 2021, may be cited for persuasive purposes. Ill. S. Ct. R. 23(b), (e)(1) (eff. Feb. 1, 2023).